# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RONALD ARGENTO, et al., | Case No. 2:15-cv-01277-JAD-NJK |
| Plaintiff(s), | ORDER TRANSFERRING SUBPOENA-RELATED MOTIONS |
| vs. | |
| SYLVANIA LIGHTING SERVICES CORP., | (Docket Nos. 1, 15, 16) |
| Defendant(s). | |

Pending before the Court is Plaintiffs' renewed motion to transfer pursuant to Rule 45(f). Docket No. 16.[1] Subpoenaed nonparty Clark County School District ("CCSD") filed a response in opposition. Docket No. 20. Defendant also filed a response in opposition. Docket No. 23. Plaintiffs filed a reply. Docket No. 26. The Court finds the motion properly resolved without oral argument. *See* Local Rule 78-2. For the reasons discussed more fully below, the motion to transfer is hereby **GRANTED**.

**I.    BACKGROUND**

On February 19, 2013, Plaintiffs initiated a lawsuit in the District of Arizona bringing claims for unpaid wages and overtime. *Argento v. Sylvania Lighting Servs. Corp.*, Case No. 2:13-cv-00351-HRH (D. Ariz.) (hereinafter "Arizona litigation").[2] As part of that litigation, a subpoena was issued from the District of Arizona that Plaintiffs served on CCSD in July 2014. *See, e.g.*, Docket No. 28-1. That subpoena sought documents from CCSD, including alarm code logs and records from the CCSD Police Department concerning the times Sylvania employees would arrive and depart from the schools. *See id.* at 8.

---

[1] Unless otherwise noted, references to "Rules" refer to the Federal Rules of Civil Procedure.

[2] Citations to the record in the Arizona litigation will be referenced as "Arizona Litigation, Docket No. __." Citations to the record in this case will be referenced as "Docket No. __."

Defendant thereafter filed a motion to quash that subpoena in the District of Arizona. Arizona Litigation, Docket No. 80. Defendant argued that, *inter alia*, the above documents were not relevant to the Arizona litigation. *See id.* at 3-4. On August 26, 2014, Judge Holland[3] resolved that motion to quash, concluding in pertinent part as follows:

> Plaintiffs seek alarm system reports and security logs through their subpoenas to third parties. There is apparently conflicting evidence as to whose employees were responsible for arming and disarming school alarm systems at the beginning and end of the work day. These records may be relevant or lead to relevant information if the records maintained by the third-party employers of defendant either disclose the identity of the persons arming or disarming the security systems or disclose the identity of the non-school employees who are admitted <u>and</u> also record the dates and times associated with alarm system and/or access activity.

Arizona Litigation, Docket No. 110.

Following issuance of the order resolving Defendant's motion to quash, Plaintiffs engaged in a lengthy meet-and-confer process with CCSD regarding the subpoena. *See* Docket No. 16-1. Unable to reach an agreement, Plaintiffs filed in the District of Arizona a motion to compel CCSD to comply with the subpoena. Arizona Litigation, Docket No. 179. Noting that the subpoena at issue required compliance in this District rather than in the District of Arizona, Judge Holland concluded that the motion to compel was filed in the wrong district and denied it on those grounds. *Id.* Judge Holland also noted that "Plaintiffs may move to reinstate the instant motion when and if the matter of enforcement of the plaintiffs' subpoena is transferred by the Nevada District Court to [the District of Arizona]." *Id.*

Plaintiffs then commenced a miscellaneous action in this case by filing a motion to compel, along with a motion to transfer the motion to compel to the District of Arizona. Docket Nos. 1, 2. The Court denied without prejudice the motion to transfer so that the parties could better address case law emanating from within this Circuit and this District. Docket No. 10. Plaintiffs then renewed the motion to transfer, Docket No. 16, which is now fully briefed.[4]

---

[3] Judge H. Russel Holland, a United States District Judge in the District of Alaska, is sitting by designation on the underlying litigation in the District of Arizona. *See* Arizona Litigation, Docket No. 11.

[4] Although not ordered to do so, Plaintiffs also re-filed their motion to compel. Docket No. 15.

## II.     MAGISTRATE JUDGE AUTHORITY

The pending motion to transfer has been referred to the undersigned magistrate judge. Before turning to the merits of the pending motion, the Court evaluates its authority to decide it. The authority of the undersigned magistrate judge is derived from 28 U.S.C. § 636, which generally provides magistrate judges with the authority to "hear and determine" non-dispositive matters. *See* 28 U.S.C. § 636(b)(1)(A); *see also S.E.C. v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1259 (9th Cir. 2013). By contrast, dispositive matters are sometimes referred to magistrate judges, but in those circumstances a magistrate judge submits a recommendation to the assigned district judge that is subject to the district judge's *de novo* review. *See* 28 U.S.C. § 636(b)(1)(B); *see also CMKM Diamonds*, 729 F.3d at 1259-60. Section 636 specifically enumerates eight different types of motions to be treated as "dispositive." *See* 28 U.S.C. § 636(b)(1)(A)-(B).[5] When a motion falls outside of those expressly enumerated as dispositive, courts turn to a "functional approach" of looking to the nature and effect of the pending motion to determine whether the resulting order should be considered dispositive in nature. *See Flam v. Flam*, 788 F.3d 1043, 1046-47 (9th Cir. 2015) (holding that an order granting a motion to remand to state court is dispositive because the remand order is dispositive of all federal proceedings).

Courts are in agreement that Rule 45(f) motions to transfer fall within the gambit of non-dispositive matters properly determined by a magistrate judge. *See, e.g.*, *San Juan Cable LLC v. DISH Network LLC*, 2015 WL 500631, *2 (D. Colo. Jan. 23, 2015) (citing *Elliott v. Mission Trust Servs., LLC*, 2014 WL 6772474, *2 (W.D. Tex. Dec. 1, 2014) and *Agincourt Gaming, LLC v. Zynga, Inc.*, 2014 WL 4079555, *2 (D. Nev. Aug. 15, 2014)). In ruling on whether to transfer subpoena-related motions, the Court is not depriving a party of a federal forum to resolve a dispute but is rather transferring the authority to resolve the discovery dispute to another federal court. *Cf. Pavao v. Unifund CCR Partners*, 934 F. Supp. 2d 1238, 1241 n.1 (S.D. Cal. 2013) (collecting cases that transfers under 28 U.S.C. § 1404(a) are considered non-dispositive). The nondispositive nature of the resulting order is not altered by the fact that a Rule 45(f) motion to transfer comes before the Court in the context of a miscellaneous action based entirely on the

---

[5] The Federal Rules of Civil Procedure similarly differentiate between nondispositive and dispositive matters handled by magistrate judges. *See* Fed. R. Civ. P. 72.

disputed subpoenas, even though the resolution of the motion to transfer may be dispositive of the miscellaneous action and result in the administrative closing of that case. *Agincourt Gaming*, 2014 WL 4079555, at *2 (citing *Feist v. RCN Corp.*, 2012 WL 4835038, *1 (N.D. Cal. Oct. 4, 2012)); *see also Cognate BioServices, Inc. v. Smith*, 2015 WL 1256499, *6 n.19 (D. Md. Mar. 17, 2015). Accordingly, the undersigned has the authority to resolve the motion to transfer that is currently pending before the Court.

### III.  APPLICABLE VERSION OF RULE 45

Before the Court turns to the underlying dispute, it will also address the threshold issue of which version of the applicable rules govern its analysis. The Court's analysis in deciding disputes regarding subpoenas served on nonparties is governed by Rule 45. *See, e.g.*, *Agincourt Gaming*, 2014 WL 4079555, at *2 (citing *Paws Up Ranch, LLC v. Green*, 2013 WL 6184940, *1 (D. Nev. Nov. 22, 2013)). Significant changes were made to Rule 45 through the 2013 amendments, which went into effect on December 1, 2013. *See Wultz v. Bank of China, Ltd.*, 304 F.R.D. 38, 42 (D.D.C. 2014). "In its order adopting the 2013 amendments to Rule 45, the Supreme Court specified the amendments would govern in all proceedings commenced after December 1, 2013, and, 'insofar as just and practicable, all proceedings then pending.'" *Garden City Emps.' Retirement Sys. v. Psychiatric Solutions, Inc.*, 2014 WL 272088, *3 (E.D. Pa. Jan. 24, 2014).

In this case, the underlying Arizona litigation was commenced on or about February 19, 2013, but the disputed subpoena was served in July 2014, and the miscellaneous proceeding in this Court challenging that subpoena was initiated on June 18, 2015. Hence, the underlying Arizona proceedings commenced prior to December 1, 2013, but the subpoena-related proceedings commenced after that date. The parties do not dispute that it would be "just and practicable" for the Court to apply the current version of Rule 45 in these circumstances, and the Court finds it proper to do so.

### IV.  STANDARDS AND ANALYSIS

The issue presently before the Court is whether Plaintiffs' motion to compel should be decided by this Court–as the court for the district where compliance with the subpoena is required–or by the District of Arizona–as the court that issued the subpoena and home to the underlying litigation. As discussed in more detail below, the Court finds that the motion to compel should be decided by the District of Arizona as the issuing court.

**A.     Standards**

The pending motion to transfer centers on the recently-enacted Rule 45(f). Prior to the 2013 amendments, subpoenas for depositions or production of documents were issued from the court for the district where compliance is required, and the power to quash or modify any issued subpoenas was reserved to that court. *See Wultz*, 304 F.R.D. at 42. Under the new rule, "[a] subpoena must issue from the court where the action is pending." Fed. R. Civ. P. 45(a)(2). While the court where the action is pending issues subpoenas, the authority to adjudicate a motion to compel arising out of those subpoenas is vested with the court where compliance is required. *See* Fed. R. Civ. P. 45(d)(2)(B)(i) ("the serving party may move the court for the district where compliance is required for an order compelling production or inspection"); *see also* Fed. R. Civ. P. 37(a)(2) ("A motion for an order to a nonparty must be made in the court where discovery is or will be taken"). The new rule also provides a vehicle for transferring such motions to the issuing court: "When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). In short, the rules now provide that subpoenas are issued from the court where the action is pending, while motion practice arising out of those subpoenas is decided by the court where compliance is required absent that court transferring the matter to the court where the action is pending.[6]

The party seeking a Rule 45(f) transfer bears the burden of showing that exceptional circumstances are present. *Music Group Macao Commercial Offshore Ltd. v. Does*, ___ F. Supp. 3d ___, 2015 WL 930249, *3 (N.D. Cal. Mar. 2, 2015); *see also Agincourt Gaming,* 2014 WL 4079555, at *6. Whether to transfer a subpoena-related motion is committed to the discretion of the court where compliance is required. *See Moon Mountain Farms, LLC v. Rural Community Ins. Co.*, 301 F.R.D. 426, 429 (N.D. Cal. 2014). A determination of whether "exceptional circumstances" exists turns on the particular facts of each case. *Agincourt Gaming,* 2014 WL 4079555, at *6. "While a prime concern is to avoid burdens on local nonparties subject to subpoenas, this interest of the nonparty in obtaining local resolution of the motion,

---

[6] If necessary to enforce the resulting order, the issuing court may transfer the matter back to the court where compliance is required. *See* Fed. R. Civ. P. 45(f).

must be balanced with the interests in ensuring the efficient, fair and orderly progress of ongoing litigation before the issuing court." *Judicial Watch, Inc. v. Valle Del Sol, Inc.*, 307 F.R.D. 30, 34 (D.D.C. 2014) (internal alterations and quotations omitted). The court considering the transfer motion should not assume that the issuing court is in a better position to resolve subpoena-related motions. *In re UBS Fin'l Servs., Inc. of Puerto Rico Securities Litig.*, ___ F. Supp. 3d ____, 2015 WL 4148857, *1 (D.D.C. July 9, 2015). Nonetheless, "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when the court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts," so long as those interests outweigh the interests of the subpoenaed party in obtaining local resolution of the motion. *Moon Mountain*, 301 F.R.D. at 428 (quoting Fed. R. Civ. P. 45(f) Advisory Committee Notes (2013)).[7]

**B.   Analysis**

  1.   Waiver

Plaintiffs argue that Defendant's objections to transferring the motion to compel were implicitly waived by Defendant when it filed a motion to quash in the District of Arizona. Docket No. 26 at 2. There is some force to this argument. It is certainly noteworthy that Defendant now opposes transferring Plaintiffs' motion to compel to the District of Arizona despite Defendant itself previously invoking that court's jurisdiction to challenge the exact same subpoena through a motion to quash and then receiving a ruling on that motion to quash on issues that overlap with those presented in the briefing on the motion to compel. It violates fundamental principles of both fairness and efficient judicial case management to allow a party to challenge the same subpoena twice in two different courts. *Cf. St. Jude Medical S.C., Inc. v. Janssen-Counotte*, ___ F. Supp. 3d ____, 2015 WL 2359568, *13 (D. Or. May 18, 2015). Ultimately, however, the Court need not resolve the waiver argument in this case because CCSD has also opposed the

---

[7] In conducting this analysis, the Court will at times refer to arguments raised in the briefing on Plaintiffs' motion to compel. The Court addresses these arguments solely to discuss overlapping issues with the Arizona litigation and which court is better suited to address the arguments raised. The Court herein expresses no opinion as to the merits of the pending motion to compel.

motion to transfer[8] and the Court finds Defendant's arguments unpersuasive even considering them on the merits.

## 2. Judicial Economy

The Court finds that judicial economy militates strongly in favor of transfer. The issuing court has already reviewed the subpoena now in dispute here in resolving Defendant's motion to quash. *See, e.g.*, Docket No. 28-3. In doing so, the issuing court has also already ruled on the scope of relevant documents for which production is required under the subpoena. *See* Arizona Litigation, Docket No. 110. Defendant appears to argue that the issuing court's previous ruling is only "tangentially related" to the pending dispute. *See* Docket No. 23 at 6 (citing *CMB Expert, LLC v. Atteberry*, 2014 WL 2197840, *2 (N.D. Tex. May 27, 2014)). Such a contention is belied by the fact that the issuing court ruled on a relevance argument as to the exact subpoena currently in dispute here and Defendant itself points to that order as dictating how this Court should resolve the pending motion to compel. *See, e.g.*, Docket No. 22 at 7-8 (construing what is or is not relevant "per the Arizona Court's order"); Docket No. 23 at 4 (asserting that this Court needs to simply "review and apply" the previous order). The issuing court has already outlined the contours of the scope of relevant information sought in the subpoena and judicial economy is furthered by having the issuing court apply that order to the pending motion to compel.

CCSD's primary argument in opposing the motion to compel is that the subpoena is unduly burdensome. *See* Docket No. 19 at 3-5. In considering an "undue burden" argument, courts generally evaluate whether "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving those issues." *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); *see also St. Jude Medical S.C., Inc. v. Janssen-Counotte*, 305 F.R.D. 630, 637 (D. Or. 2015) (Rule 26(b)(2)(C)(iii) proportionality provision applies to Rule 45 analysis). Given this case's litigation history, it certainly appears that the issuing court is better positioned to weigh those competing considerations. *Cf. Patriot Nat'l Ins. Group v. Oriska Ins. Co.*, 973 F. Supp. 2d 173, 176 (N.D.N.Y. 2013)

---

[8] The Court finds unpersuasive Plaintiffs' arguments that CCSD waived its opportunity to oppose transfer. *See* Docket No. 26 at 2.

(because "the court with the most familiarity with the case is better positioned to determine whether the documents are indeed relevant, it follows that the court with the most familiarity could also better balance whatever relevance exists against the need to protect Oriska as a non-party").

In short, the current discovery dispute overlaps with the dispute already decided by the issuing court, and judicial economy is best served by transferring the motion to compel to that court.

### 3. Inconsistent Rulings

As noted above, the issuing court has already addressed the subpoena that is currently disputed, ruling that alarm system reports and security logs "may be relevant or lead to relevant information" if the records show the identity and timing associated with this activity. Arizona Litigation, Docket No. 110.[9] Defendant points to that order as governing the resolution of its relevance argument in opposing the pending motion to compel. *See, e.g.*, Docket No. 22 at 7-8. Defendant then argues that Plaintiffs failed to "proffer any reason for why the District of Nevada cannot review and apply [Judge Holland's] prior discovery order to the Motion to Compel." Docket No. 23 at 4. While this Court is no doubt capable of construing and applying an order issued in another District, it makes no sense to do so. How the undersigned and how Judge Holland view the discovery dispute may well differ. The issuing court has already addressed this issue and is in the best position to ensure that the resolution of the pending motion to compel comports with the prior ruling on the motion to quash. The risk of inconsistent rulings further militates in favor of transferring the motion to compel to the District of Arizona.

### 4. Disruption of the Issuing Court's Management of the Underlying Litigation

The Ninth Circuit has consistently reinforced the importance of scheduling orders to the district courts' ability to manage their docket and control the course of litigation. *E.g.*, *Johnson v. Mammoth*

---

[9] CCSD argues that the "risk of overlapping future rulings is not an exceptional circumstance" warranting transfer. Docket No. 20 at 4 (citing *Woods ex rel. United States v. SouthernCare, Inc.*, 303 F.R.D. 405, 409 (N.D. Ala. 2014)). The decision in *Woods* does not support CCSD's position here. That case differentiated between speculative concerns of inconsistencies in future rulings, and concerns regarding inconsistency with orders that have already been issued: "the Advisory Committee's note only identifies resolution of the motion as disruptive if the issuing court has **already** ruled on the issues, not if it might rule on them in the future." *Woods*, 303 F.R.D. at 408 (emphasis in original). Unlike the situation facing the court in *Woods*, the issuing court here has already ruled on the disputed subpoena and, in particular, addressed the relevance of the documents sought therein.

*Recreations, Inc.*, 975 F. 2d 604, 610 (9th Cir. 1992). To that end, district courts are given broad discretion in supervising the pretrial phase of litigation, including in the enforcement of scheduling orders. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

One of the arguments at issue on the underlying motion to compel is whether that motion should be denied as untimely. *See* Docket No. 24 at 4-5. Plaintiffs argue that such a timeliness issue is best handled by Judge Holland as the judge overseeing management of the underlying litigation, especially since the order resolving the motion to compel may by necessity require adjusting other deadlines that he has set. *See* Docket No. 26 at 3-4. The Court agrees. The Court can think of few intrusions more disruptive to the issuing court's ability to manage the underlying litigation than an order from this Court that may well impact the ability of the case to move forward in the District of Arizona on the timetable preferable to Judge Holland. *See, e.g.*, *Federal Home Loan Mortgage Corp. v. Deloitte & Touche LLP*, ___ F.R.D. ____, 2015 WL 3413540, *2-3 (D.D.C. May 28, 2015) (impact that resolution of motion to compel could have on impending discovery deadlines militated in favor of transfer). The potential disruption to the issuing court's management of the underlying litigation militates heavily in favor of transferring the motion to compel to the District of Arizona.

### 5. Burden on Respondent

With the above considerations in mind, the Court turns to the competing interests advanced to deny the motion to transfer. The primary factor to consider in balancing the above is any burden imposed on local non-parties by transferring the motions to the issuing court. "Transferring a *motion* to the jurisdiction where the underlying litigation is pending . . . will require few, if any, modifications of the written submissions." *Wultz*, 304 F.R.D. at 45 (emphasis in original). Moreover, absent unusual circumstances, the cost of litigation alone does not constitute an unfair burden. *See Moon Mountain*, 301 F.R.D. at 430.

In opposing the motion to transfer, CCSD provided a conclusory assertion that "it is far more convenient for CCSD to address the Motion to Compel here in Nevada as it is a local political subdivision of the State of Nevada and has no interests in Arizona." Docket No. 20 at 5.[10] CCSD also asserts that its

---

[10] In support of this assertion, CCSD asserts that its burden in "provid[ing] the requested documents is great." Docket No. 20 at 4. Whether a subpoenaed nonparty is unduly burdened by complying with the

witnesses are likely located in this District. *Id.* The Court does not find any significant burden on CCSD in transferring Plaintiffs' motion to compel to the District of Arizona. CCSD's travel concern is far from a foregone conclusion and the Advisory Committee Notes provide guidance as to how to minimize such burden by, *inter alia*, encouraging transferee courts to allow appearances to be made telephonically in the event that a hearing is deemed to be necessary. *See, e.g.*, *Valle del Sol, Inc. v. Kobach*, 2014 WL 3818490, *3 (D. Kan. Aug. 4, 2014) (quoting Fed. R. Civ. P. 45(f) Advisory Committee Notes (2013)). At this point, it is not even clear that the District of Arizona would hold a hearing on the motion to compel, *see, e.g.*, D. Ariz. Local Rule 7.2(f) ("The Court may decide motions without oral argument"), let alone that it would require personal attendance at any such hearing. To the extent there may be some additional travel costs imposed due to a transfer, they appear at this point to be speculative and not of a sufficient amount to outweigh the importance of advancing judicial economy, avoiding inconsistent rulings, and preventing disruption of the management of the underlying litigation. *See Moon Mountain*, 301 F.R.D. at 430. In short, CCSD has presented only cursory explanation regarding any inconvenience it will face by transferring the motion to compel to the District of Arizona. "Almost any subpoenaed party could make the same undue burden arguments that [CCSD] makes here." *Id.* (quoting *Chem-Aqua, Inc. v. Nalco Co.*, 2014 WL 2645999, *3 (N.D. Tex. June 13, 2014)). The Court finds CCSD's arguments unconvincing.

The Court is also not persuaded by the arguments raised by Defendant asserting that CCSD will be burdened by granting the motion to transfer. Defendant relies heavily on the fact that CCSD is not a large corporation. Docket No. 23 at 5. While it is certainly true that courts are less inclined to find a significant burden on the subpoenaed nonparty when it is a large corporation, *see, e.g.*, *Agincourt Gaming*, 2014 WL 4079555, at *8 (citing *In re Subpoena to Kia Motors America, Inc.*, 2014 WL 2118897, *1 (C.D. Cal. Mar. 6, 2014)), that case law does not suggest that a significant burden will always be found so long as the subpoenaed nonparty is not a large corporation. The Court does not find CCSD's status as a non-

---

subpoena is not pertinent to the issue of which court should decide a subpoena-related motion. The "burden of reviewing, assembling, and producing documents is [not] any different depending on which court issues an order for [the subpoenaed nonparty] to do so." *Agincourt Gaming*, 2014 WL 4079555, at *8. While that argument may be pertinent to CCSD's opposition to the motion to compel, the Court does not find it persuasive with respect to the motion to transfer.

corporation to be significant in this case. Defendant also asserts that CCSD will be burdened by having to obtain out-of-state counsel. Docket No. 23 at 5. The Court finds that argument unpersuasive as Rule 45(f) itself expressly provides that a subpoenaed party does not need to obtain out-of-state counsel in the event of a transfer. *See* Fed. R. Civ. P. 45(f) ("if the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court"); *see also Kobach*, 2014 WL 3818490, at *5.

## V.  CONCLUSION

The Court finds that exceptional circumstances exist in this case warranting transfer of the motion to compel to the District of Arizona based on the fact that a transfer advances judicial economy, avoids the potential for inconsistent rulings, and prevents disruption of the management of the underlying litigation. The Court further finds at most a *de minimis* burden on CCSD resulting from the transfer. For these reasons, Plaintiffs' motion to transfer is hereby **GRANTED**. The motion to compel (Docket Nos. 1, 15) are transferred to the District of Arizona for resolution. The Clerk's Office is further **DIRECTED** to administratively close this case.

IT IS SO ORDERED.

Dated: August 18, 2015

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE